18bm 107
112 844
e112 845

## Gully vs. Ray.

Case 18.

### APPEAL FROM GARRARD CIRCUIT.

PET. EQ.

1. By the common law the widow was entitled to dower in those lands only to which the husband had the legal title; but since the law in respect to trusts has been changed by statute, the widow may have dower when the husband has such an equity as will authorize the chancellor to decree a conveyance of the legal title to him. (4 *Monroe*, 468; 4 *J. J. Morsh.* 67.)

2. But the widow is not entitled to dower in lands to which the husband had an equitable title only, and which he disposed of in his life time. She is entitled in such equitable estates only as belonged to him at his death. (*Hamilton vs. Hughes*, 6 *J. J. Marsh.* 582.)

3. To entitle a widow to dower in lands the husband must have been beneficially seized during the coverture. If the husband sell land before his marriage, by contract, either verbal or written, though he does not convey until after the marriage, the widow is not entitled to dower. (4 *J. J. Marsh.* 451; 1 *B. Monroe*, 77.)

4. When the husband parts with an equitable title, and with the possession before he obtains the legal title, and afterwards acquire the legal title, he holds it in trust for his vendee, and the widow is not entitled to dower.

5. A purchaser from the husband is not estopped by his deed from showing the true nature of the seizin of the vendor, and that it was not such as secured dower to the widow of vendor.

The facts of the case appear in the opinion of the court. REP.]

*James Harlan* and *S. Lusk*, for appellant—

The appellant takes the following grounds for reversal:

1. That the possession of Gully, which according to the evidence of one witness (Drury Gully) was 28 years, and by another, (Baker) 25 or 30 years, was sufficient of itself to vest the legal title in the husband, and that upon the strictest rules of the common law entitled the widow to dower. But if tested by the modern decisions Gully had what was tantamount to the legal title. It was not pretended that Gully had not long since paid the consideration, and *that* entitled him to a conveyance in fee and his widow to dower according to the cases of *Bailey and wife vs. Duncan's rep.*, 4 *Mon.* 268; *Stevens vs. Smith*, 4 *J. J. Mar.* 67; 6 *J. J. Mar.* 582, *Hamilton vs. Hughes.*

2. If that position is not maintainable, then we insist that the principle decided in *Winn vs. Elliott, Hardin*, 483, entitled the plaintiff to dower. That principle is, where a husband purchases by bond during coverture, and is entitled to a conveyance, and then sells it by bond, and before complying with his bond received a conveyance from his vendor, his wife is entitled to dower against all equities against the husband.

Now the facts of this case bring it within the principle of that case. Wm. Gully purchased and entered into the possession of the land in the year 1806—several years after his marriage with the plaintiff—and continued to live on it as his own for 28 years, and then sold it, or rather exchanged it, with Jones. For reasons stated by a witness, he received a conveyance from Anderson & Vancleave in 1836, and then conveyed it to the heirs of Jones in fulfilment of the contract he made with their ancestor—his wife still living. That William Gully conveyed to the heirs of Jones the same day he received it from Anderson, &c., can have no effect on the rights of the widow. In *Tevis vs. Steele,* 4 *Monroe,* 341, it was held that the widow's claim to dower depends upon whether the seizin of the husband was *beneficial* or *in trust* only., not on the *time* the title remained in him.

In *Stewart's lessee vs. Stewart,* 3 *J. J. Mar.* 49, it was held that dower attaches to lands conveyed on the day of the marriage—*seizen and coverture* being on the same day.

In *Northcut vs. Whip,* 12 *B. Monroe,* 73, it was held, that in all cases where the husband is seized of such an estate in lands as that the issue of the wife may inherit, if any she have, as heir to the husband, the widow is entitled to dower. In support of this principle various English authorities are cited by Judge Marshall, who delivered the opinion, commencing with *Littleton on Tenures* and coming down to modern cases and elementary treatises.

Now, suppose that William Gully had died at the end of his 28 years possession, instead of selling his land to Jones, would not his children have inherited it?

3. There is one other ground which is fatal to the defense in this case, and that is, the defendants are *estopped* from controverting the right of the plaintiff to dower. The defendants claim the land under the *title* of William Gully, and Ch. Kent says: (*vol.* 4,

page 37, 8th edition,) "But it is necessary that the hus-
' band should have been seized, either in fact or in law;
' and when the husband had been in possession for
' years, using the land as his own, and conveying it in
' fee, the tenant deriving his title under him is con-
' cluded from controverting the seizin of the husband
' in the action of dower." The cases in 1 Caine's
Rep. 185; 2 Johnson, 119; 6 Johnson, 290; 7 Johnson,
278; 9 Johnson, 344, and 17 Wendell, 164, are referred
to by the author.

In this case Gully lived on the land many years,
using it as his own, and then conveyed it in fee, and
the defendants now in possession claim under his
title.

The plaintiff was married to William Gully in
1802; he died in April 1855, and this action was
commenced in July, 1856. We can see no plaustble
ground for refusing her the relief for which she pray-
ed.

A. A. Burton, for appellees—

The appellee insists that the appellant has shown
no right to recover dower in this case:

1. The husband of the appellant was never bene-
ficially seized of the land in which she seeks to re-
cover dower.

In Oldham vs. Sale, 1 B. Mon. 77, the court said,
"it is well settled in this state, that a surviving wid-
' ow is not entitled to dower in any estate of which
' her husband was not beneficially seized during her
' coverture;" and in Gurton's heirs vs. Bates, 4 B.
Mon. 367, this language is used: "And were it con-
' ceded that upon demurrer, the allegation should be
' understood as asserting a title by bond only, that is
' an equitable title, the subsequent sale of which
' during the coverture would defeat the right of dow-
' er." And on the same page," a bill for dower must
' allege a seizin in fee by the husband."

Admitting then, that while Gully was in possession
he had a bond for a conveyance, still the transfer of

his equitable title by the exchange with Jones, before he was invested with the legal title, cut off the right which his widow would have had if he had died the beneficial equitable owner. (6 *J. J. Marshall*, 582; 6 *Dana*, 472.)

The acquisition of the mere naked title, after he had parted with his equity, without the possession or any beneficial interest in the land, but for the sole purpose of complying with his contract with Jones, when it passed from him at the same time, and virtually by the same act by which he received it, cannot resuscitate the equitable title and possession with which he had parted twelve years before, and unite with them so as to give him the beneficial seizin to his own use, necessary to complete his wife's right to dower. (*Coke Litt.* 31; *Stevens vs. Smith*, 4 *J. J. Marshall*, 67–8.) It is insisted that the latter authority is conclusive in principle of this case.

To constitute the requisite seizin in such cases the husband must have the legal title in his own right, and to his own use coupled with the possession at one and the same time. (*Coke Litt.* 266; 2 *Black. Com.* 199.)

Gully may have been beneficially possessed before he made the exchange with Jones, but not seized, because he had not the legal title; and when in 1836 the naked legal title was made to him, for an especial purpose, and not for his benefit, but for the benefit of others, he had no possession; so he was not beneficially seized at any time.

2. Suppose when Jones died, Gully had also been dead, and a controversy had arisen between the widows of the two, Jones' widow would certainly have been entitled to dower, for her husband died in possession, and the equitable owner of the land. If Jones' wife would have been entitled, Gully's could not, for two rights to dower in the same tract cannot exist at the same time. And moreover, Gully would not have died in possession with an equitable title, for he had transferred that to Jones.

The case of *Winn vs. Elliott, Hardin,* 482, relied on by the appellant, is essentially different from this. In that case Elliott held the bond of the patentee, Gillaspie, for title, and sold the land to the Winns, and executed to them his bond for a conveyance. Gillaspie afterwards conveyed to Elliott, and the latter died in the possession, still having the legal title in him. Being thus legally seized at his death— having both the possession and legal title when he died—the court held that his widow was entitled to dower, the counsel of the widow contending for her right, "because her husband was the purchaser, received a conveyance, and *died seized* of the land"— *page* 484; and the court gave as the reason for the decision, that "the husband had during the marriage ' a beneficial interest in the land, acquired the legal ' title, and died *seized* in law, whereby the wife's right ' to dower became complete"—*page* 488.

In this case Gully never had the legal title and possession united in him at any time, and was not in possession when he died.

An affirmance is asked.

June 12, 1857.    Judge SIMPSON delivered the opinion of the court.

The plaintiff brought this action to recover dower in a tract of land which her husband had in his possession for a number of years, but which he sold and disposed of previous to his death.

According to the testimony he settled on the land in 1806, and subsequently purchased it, by executory contract, from Anderson and Vancleave. The time of his purchase does not appear, but as Anderson and Vancleave did not purchase or acquire any interest in it themselves until 1818, the rational inference is, that his contract of purchase was subsequent to that time. In 1824 he sold or exchanged it to a man by the name of Jones, and put him into possession of it, having only an equitable title to it at the time. Afterwards, in the year 1836, Jones having died, and his heirs desiring to obtain the legal title

to it, procured through their agent the execution of a deed of conveyance by Anderson and Vancleave to Gully, the plaintiff's husband, and one from the latter to themselves. Both deeds were executed on the same day, and the title was conveyed to Gully, in order that he might convey it to the heirs of his vendee with a covenant of warranty.

Is the plaintiff under these circumstances entitled to dower in the land?

According to the principles of the common law the wife was entitled to dower in those lands only of which the husband had the legal title. But since the law in respect to trust estates was changed by statute, it has been decided that the widow is entitled to dower where the husband had such an equitable title as would have authorized a court of chancery to compel the vendor to convey to him the legal title. (4 *Mon.* 268; 4 *J. J. Marshall*, 67.)

But she is not entitled to dower in land, to which her husband had an equitable title merely, and which he sold and disposed of before his heath. She is entitled to dower in such equitable estates only as belonged him at the time of his death. (*Hamilton vs. Hughes*, 6 *J. J. Marshall*, 582.)

According to these principles, it is evident that the plaintiff is not entitled to dower in this case, unless she became entitled to it in consequence of the conveyance of the legal title to her husband by his vendors, in order that he might be enabled to convey it to the heirs of his vendee.

A widow is not dowable of land of which her husband was not beneficially seized during the coverture. In conformity with this principle it has been decided, that she is not entitled to dower in land which the husband had, before the marriage, sold by executory contract, either verbal or written, although he did not convey the legal title to the purchaser until after he was married. (*Dean's heirs vs. Mitchell's heirs*, 4 *J. J. Marshall*, 451; *Oldham vs. Sale, &c.*, 1 *B. Monroe*, 77.)

VOL. XVIII.  8

1. By the common law the widow was entitled to dower in those lands only which the husband had the legal title; but since the law in respect to trusts has been changed by statute, the widow may have dower when the husband has such an equity as will authorize the chancellor to decree a conveyance of the legal title to him. (4 *Monroe*, 468; (4 *J. J. Marshall*, 67.)

2. But the widow is not entitled to dower in lands to which the husband had an equitable title only, and which he disposed of in his lifetime. She is entitled in such equitable estates only as belonged to him at his death. (*Hamilton vs. Hughes*, 6 *J. J. Marshall*, 582.)

3. To entitle a widow to dower in lands, the husband must have been beneficially seized during the cov-

erture. If the husband sell land before his marriage, by contract, either verbal or written, though he does not convey until after the marriage, the widow is not entitled to dower. (4 J. J. Marsh. 451; 1 B. Mon. 77.)

4. When the husband parts with an equitable title, and with the possession before he obtains the legal title, and afterwards acquires the legal title, he holds it in trust for his vendee, and the widow is not entitled to dower.

5. A purchaser from the husband is not estopped by his deed from showing the true nature of the seizin of the vendor, and that it was not such as secured dower to the widow of vendor.

Now here the husband had parted with his equitable title to the land, and with the possession of it, before he obtained the legal title. He held the legal title in trust; it conferred upon him no beneficial interest in the land, but was acquired for the benefit of and conveyed immediately by his deed to the heirs of his vendee. It was not such a beneficial seizin therefore as entitles the wife to dower.

The same doctrine applies when the husband takes a conveyance in fee, and at the same time mortgages the land back to the grantor, or to a third person, to secure the payment of the purchase money. Dower cannot be claimed as against rights under that mortgage. The husband is not deemed sufficiently seized by such an instantaneous passage of the title in and out of him, to entitle his wife to dower as against the mortgagee. (*Holbrook vs. Finney*, 4 *Mass. Rep.* 566; *Stow vs. Tifft*, 15 *Johns.* 458.)

The purchaser is not estopped by the husband's deed from explaining the nature of his seizin, and showing that it was not of such a character as entitles his wife to dower in the land.

Wherefore, the judgment dismissing the plaintiff's petition is affirmed.