### James McIlvaine *v.* Martha H. McIlvaine.

**Dower.**

> Where the husband has been seized beneficially by an equitable title to real estate, and so continues up to his death, his widow is entitled to dower; but where the husband has no beneficial interest in land, but if it is acquired for the benefit of and conveyed immediately to others, the wife is not entitled to dower therein.

APPEAL FROM WARREN CIRCUIT COURT.

January 15, 1879.

Opinion by Judge Elliott:

About 1846 a man by the name of Porter died in Warren county possessed of a large real estate; 148 acres of his land was set apart to his widow as dower.

He left seven children and heirs at law. During the lifetime of Porter's widow, Alexander McIlvaine purchased the interests of five of his heirs and John Porter, his son, bought the interest of one of his heirs, so that at the widow's death Alexander McIlvaine owned five and John Porter two shares in this land.

One Gladdish had bought four shares of this land, and these shares were purchased by Alexander McIlvaine; as also the interest of Mrs. Neal, who was Porter's heir at law. The heirs at law and Gladdish all joined in a deed on the 9th day of January, 1847, conveying this tract of land to Alexander McIlvaine, with the distinct understanding, as they say, that he was to convey the two interests owned by John Porter to him, and accordingly at the same time

Alexander McIlvaine executed his title bond to John Porter, by which he agreed to convey to him fifty acres of the land giving the boundary by deed of special warranty.

In 1864 Alexander McIlvaine died, and in 1877 the appellee, who is the widow of Alexander McIlvaine, brought this suit, claiming a dower interest in this land against appellant, who had purchased the same of John Porter.

The material facts alleged in appellant's answer have been established by the evidence, and the only question is whether in such a case the widow is entitled to dower. By the common law the widow was only entitled to be endowed of the lands of which her husband had been legally seized during the coverture. But this court has decided that under our statutes, if the husband has been seized beneficially by an equitable title and so continues up to his death, that his widow is entitled to dower in such landed estate. But if the husband has never been beneficially seized his widow is not entitled to dower.

We think the case of *Gully v. Ray,* 18 B. Mon. 107, is conclusive of this case. In that one Gully settled on the land in 1806, and afterward purchased it of Anderson and Vancleave. The time of his purchase did not appear, but as Anderson and Vancleave did not acquire title until 1818, the rational inference would be indulged that Gully's purchase was after that time.

In 1824 Gully sold to and put one Jones in possession of the land, he only having an equitable title at the time. Afterward, in the year 1836, Jones having died and his heirs wishing to obtain legal title to the land, procured through agent the execution of a deed of conveyance by Anderson and Vancleave to Gully, and one from him to themselves. The court says: "Both deeds were excuted on the same day, and the title was conveyed to Gully, in order that he might convey it to the heirs of his vendee with a covenant of warranty."

The suit in that case was by Gully's widow against the vendee of Jones' heirs, and the court, after reference to authorities, says: "Now here the husband had parted with his equitable title to the land, and with the possession of it, before he obtained the legal title. He held the legal title in trust; it conferred upon him no beneficial interest in the land, but was acquired for the benefit of and conveyed immediately by his deed to the heirs of his vendee. It was not such a beneficial seizin therefore as entitles the wife to dower." It is further ruled that "The same doctrine applies when

the husband takes a conveyance in fee, and at the same time mortgages the land back to the grantor, or to a third person, to secure the payment of the purchase money. Dower cannot be claimed as against rights under that mortgage. The husband is not deemed sufficiently seized by such an instantaneous passage of the title in and out of him, to entitle his wife to dower as against the mortgagee.

The purchaser is not estopped by the husband's deed from explaining the nature of his seizin and showing that it was not of such a character as entitled his wife to dower in the land." For, says the court, "A widow is not dowable of land of which her husband was not beneficially seized during the coverture."

In the case under consideration the evidence preponderates to the conclusion that appellee's husband never owned the land of which she seeks to be endowed. He had bought five-sevenths of the tract which embraced it, and the deed by Porter's heirs was made to him on the express condition that he would convey the two-sevenths thereof owned by John Porter to him, and the fact that he executed the title bond to John Porter on the same day that the deed was made to him, and that he only agreed to convey such interest with covenants of special warranty, and the additional fact that the appellant, his son, purchased the land of Porter at his solicitation, strongly corroborates the other established facts.

There is no evidence that appellee's husband ever was possessed of the land of which she claims dower; but it is, on the contrary, established by the evidence that John Porter remained in possession thereof after the death of his mother until he sold it to appellant, who has been in possession ever since.

We are therefore of opinion that appellee's husband had no such beneficial seizin of the land in dispute as will entitle his widow to dower therein.

Wherefore the judgment is *reversed* and cause remanded with directions to the court below to dismiss the appellee's petition.

*Wright & McElroy, for appellant.*
*Wilkins & Wilkins, for appellee.*