## National Bank of Kentucky's Receiver v. Inter-State Oil & Gas Co.

(Decided Dec. 2, 1932.)

D. A. McCANDLESS for appellant.
T. E. MOORE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Paul C. Keyes, as receiver of the National Bank of Kentucky, has appealed from a judgment refusing to subject, to the payment of debts due him as such receiver, salary alleged to be due to W. M. Pursifull from the Inter-State Oil & Gas Company. This is a companion case to Cooper v. Keyes, Receiver, 246 Ky. 268 54 S. W. (2d) —, this day decided; it was prosecuted on that record, and reference to the opinion in that case is made for fuller statement of the facts.

We are by no means convinced that the ownership of the Inter-State Oil & Gas Company is exactly what it is represented to be, but that question appears to be not in issue, at least it is not discussed upon this appeal.

An order of attachment was served upon this corporation to compel it to report and account for money alleged to be due from it to Pursifull.

On August 2, 1930, the corporation answered that on July 12, 1930, the date of service on it, it owed W. M. Pursifull nothing, and had in its possession no money, property, or choses in action belonging to him or in which he had any interest. On August 9, 1930, the directors of this corporation discontinued the salary of $10,000 per annum theretofore paid Pursifull, but retained him in their employment as set out in the opinion in Cooper v. Keyes, receiver.

Appellant calls attention to the fact that the order suspending the salary makes no reference to future services, and cannot be construed as a contract covering future services or as an agreement upon the part of Mr. Pursifull to render future services without compensation.

In this view of the case it is argued that, if the resolution was bona fide, the company would owe Mr. Pursifull for any subsequent services rendered by him at its instance and request or which were performed with its knowledge and approval, or, if the resolution was not bona fide, if it was a cloak to conceal the corporation's indebtedness to him for services, then it should account to his creditors for the amount of compensation it is withholding.

An amended petition was filed December 31, 1930, to which this corporation was made a defendant, and on January 3, 1931, it answered and again alleged it owed Pursifull nothing.

The capital stock of this corporation is $15,000; it was incorporated the 28th day of August, 1929; $5,000 of its capital stock to each was issued to C. V. Cooper, Dewey Daniels, and Dr. Tinsley. How much actual money these men put in does not appear, but the concern made money, so that this appears to be a case of putting in a shoestring and drawing out a tanyard, for, after twelve months' operation, it had besides expenses paid the following:

Salaries to directors ....................... $ 9,000.00
Dividends ............................... 15,000.00

Eleven months' salary to Pursifull ........  9,166.00

Total ........................ $33,166.00

Pursifull had by his energy, ability, and attention to this business produced these results, and it does seem strange that these men would cut off his salary as they did, but they say they did, and there is no evidence it was not so done, and we are unable to say the trial court erred in finding the corporation owed Pursifull nothing.

The judgment is affirmed.