CASE 51—PETITION EQUITY—NOVEMBER 21.

## Coats' Ex'r v. Louisville & Nashville Railroad Company.

APPEAL FROM LOUISVILLE CHANCERY COURT.

92  263
97  6

92  263
121  772

92  263
f128  244

92  263
132  237
132  290

1. CONSTRUCTION OF DEVISE—LIFE ESTATE WITH POWER OF DISPOSI-
   TION.—Under a devise by a testator to his wife of all his estate "to
   be at her absolute disposal to sell, convey, transfer or expend as she
   may deem proper during her lifetime without restraint, she to receive
   all rents, dividends or interest on investments, or to convert the same
   into money or other investments at her discretion, and after her death
   the remainder of my estate unexpended by her I devise and bequeath
   as follows," naming those to take in remainder, the widow took only
   a life estate, but with full power to dispose of the estate for her own
   benefit, those in remainder to take only what might be unexpended
   at her death.  As the widow, therefore, did not take the fee, the rule
   that a remainder can not be limited on an estate in fee does not apply.
2. SAME—DELEGATION OF POWER.—As the power of disposition given
   to the widow was for her own benefit, and not for the benefit of the
   remainder, she had the right to delegate that power.  Therefore, a
   sale by her, through an agent, of shares of stock which belonged to
   the estate passed the title.

HARGIS & EASTIN FOR APPELLANTS.

1. The intention of a testator must control and that intention should be
   reached by construing all parts of the will together, giving to the

language used its ordinarily accepted meaning. (Burleigh v. Clough, 52 N. H., 267; Stewart v. Walker, 72 Maine, 146; Smith v. Bell, 6 Peters, 68; Brant v. Virginia Coal and Iron Co., 93 U. S.; Anderson v. Hall, 80 Ky., 91; Barclay v. Dupuy, 6 B. M., 98.)

2. An express life estate is not converted into a fee by adding a power of disposition. (Minor's Institutes, vol. 2, p. 950; Ide v. Ide, 5 Mass., 500; Jackson v. Ball, 10 Johnson, 19; Jackson v. Delancey, 13 Johnson, 552; Jackson v. Robinson, 15 Johnson, 169; Burwell's Ex. v. Anderson, 3 Leigh, 366; Story's Equity Jurisprudence, secs. 1070, 1073, 1074a, 1074b, 1393, 1394; 4 Kent's Com., p. 319, 535-6; Attorney-General v. Hall, Fitzg. Repts., p. 314; Howard v. Carussi, 100 U. S., 725; Glover v. Stillson, 56 Conn., 316; Yarnall's Appeal, 70 Pa. St., 342; McCullough's Adm'r v. Anderson, Ky., 2 Preston on Estates, 82; 2 Hilliard on Real Property, 590; Tomlinson v. Dighton, 1 P. Wms., 171; 1 Roper's Legacies, 643; 1 Jarman on Wills, 873; Terry v. Wiggins, 47 N. Y., 512; Fairman v. Beal, 14 Ill., 244; Wommack v. Whitmore, 58 Mo., 448; Johnson v. Cushing, 41 Am. Dec., 704; Ruby v. Barnett, 49 Am. Dec., 115; Caleb v. Field, 9 Dana, 346; Thompson v. Vance, 1 Met., 676.)

3. Powers purely discretionary and involving personal trust can not be delegated to another. (Schouler's Ex. and Adm'rs, sec. 268; Neal v. Patton, 47 Ga., 75; Sugden on Powers, chap. 5, see. 1, pp. 266, 281; Hill on Trustees, 716-17; Jarman on Wills, vol. 2, p. 308; Cook v. Crawford, 13 Simmons, 91; Williams on Executors, vol. 2, p. 849; Redfield on Wills, vol. 3, p. 237; Perry on Trusts, vol. 1, p. 287, 408-9; Berger v. Duff, 4 Johnson's Chy., 368; Stewart v. Hall, 3 B. M., 218; Lynn v. Burgoyne, 13 B. M., 401; Barrett v. Rhem, 6 Bush, 466; Noland v. Noland's Adm'r, 12 Bush, 426.)

4. Corporations are trustees of the shareholders in the matter of the transfer of stock. (Lowry v. Commercial and Farmer's Bank of Baltimore, Taney's Decisions, 310; Telegraph Co. v. Davenport, 97 U. S., 371; Railroad Co. v. Robbin's Adm'r, 13 Ohio St., 483; Loring v. Salisbury Mills, 125 Mass., 138.)

ORLANDO P. SCHMIDT AND PAXTON & WARRINGTON ON SAME SIDE.

1. The manifest intention of the testator was to give only a life estate to be held in trust for the remaindermen. (Gen. Statutes, chap. 113, sec. 2; Anderson v. Hall, 80 Ky., 91; McCullough's Adm'r v. Anderson, 90 Ky., 126; Stuart v. Walker, 72 Maine, 146; Carroll v. Carroll, 12 B. M., 637; Smith v. Bell, 6 Peters, 74; Allen's Ex. v. Globe Insurance Co., 19 Law Bul., 198; Baxter v. Boyse, 19 Ohio St., 491; Burleigh v. Clough, 52 N. H., 267.)

2. The grant of the right of disposal does not convert an express life estate into a fee. (Preston on Real Estate, vol. 2, p. 82· Hilliard on Real

Coats' Ex'r v. Louisville & Nashville Railroad Company.

Property, vol. 2, p. 590; Clover v. Stillman, 56 Conn., 316; Terry
v. Wiggins, 47 N. Y., 512; Fairman v. Beal, 14 Ill., 244; Wommack,
v. Whitman, 58 Mo., 448; Caleb v. Field, 9 Dana, 346; Thompson
v. Vance, 1 Met., 676.)

3. The trust created by the will was personal and discretionary and could
not be delegated to another. (Proctor v. Scharpff, 80 Ala., 328;
Sugden on Powers, vol. 1, p. 214; Coleman v. McKenney, 3 J. J. M.,
246; Stewart v. Hall, 3 B. M., 221; Barrett v. Rhem, 6 Bush, 466;
Hill on Trustees, 716; Jarman on Wills, vol. 3, 308; Redfield on
Wills, vol. 3, p. 237; Perry on Trusts, vol. 1, secs. 287, 408-9;
Singleton v. Scott, 11 Ia., 595; Berger v. Duff, 4 Johns. Chy.,
368.

4. Under such a trust the executrix could not, by power of attorney, dele-
gate the entire management of the estate to a non-resident. (Neal v.
Patton, 47 Ga., 75; Schouler on Executors, sec. 268; Am. and Eng.
Ency. of Law, vol. 2, p. 300; Noland v. Noland, 12 Bush, 426.)

5. Where a stock company issues stock to one who disposes of it by will,
the company is chargeable with knowledge of the terms of the will.
(Lowry v. Bank, Taney's Decisions, 310 ; Loring, Trustee, v. Salis-
bury Mills, 125 Mass., 138; Bayard v. Bank, 52 Pa. St., 232;
Strong v. Strauss, 10 Ohio St., 87; Pomeroy v. Garrington, 1 Ohio
St. 252; Board of Education v. Sinton, 41 Ohio St., 504.)

6. Where stock in the name of one person is held in trust and the corpora-
tion issues new stock in lieu of the old to another person he holds it
discharged of the trust. (Mach's Nat. Bank v. Field, 126 Mass.,
345; Pratt v. Taunton Mfg. Co., 123 Mass., 110; In re Bahia and San.
F. Ry. Co. L. R., 3 Q. B., 584; R. R. Co. v. Robbins, 35 Ohio
St., 500.)

RUSSELL HOUSTON for appellee.

1. For the definition of the words Absolute, Disposal, To sell, Convey,
Transfer, Expend and Restraint, cites Webster and Worcester.

2. The following language in a will creates an absolute estate with unlim-
ited power of disposition : "I bequeath to my wife all of my estate,
real and personal, and of every description, and all I may hereafter
acquire, to be at her absolute, unrestricted, unlimited, unconditional,
complete disposal, with power to alienate, control, sell, give up for
consideration, change for money, convey as a right, give, expend, con-
sume by use, use up or distribute in payment of donations, dispose of,
spend, waste, exhaust, without restraint, hindrance, check, curb, lim-
itation or restriction." (Jackson v. Robbins, 16 Johnson, p. 571;
Ball v. Hancock, 82 Ky., 113; McCullough v. Anderson, 90 Ky.,
126, 3 Wils., 142. 6 Peters, 80; Burleigh v. Clough, 52 N. H.,
274; Stewart v. Walker, 72 Me., 145-49; 2 Story's Eq. Jur., sec.
1070, 251; 1 Morawetz on Private Corporations, secs. 184, 192; Cook
on Stock and Stockholders, secs. 380, 441; Storey's Eq. Pl., sec. 452;

Howard v. Carusi, 109 U. S., 733; Cotton's Heirs v. Chaudet, 4 Bush, 666; May's Heirs v. Frazee, 4 Litt., 404.)

LYTTLETON COOKE on same side.

1. A motion to strike out should be sustained when the plea is not of facts but of legal conclusions. (Jones v. Bank of Tenn., 8 B. M., 123; Bentley v. Bustard 16 B. M. 186; Randall v. Shropshire, 4 Met., 327; Murphey v. Estes, 6 Bush, 532; Wing v. Hayden, 10 Bush, 280; Ormsby v. City of Louisville, 79 Ky., 197; American Mut. Aid Society v. Helburn, 85 Ky., 11; Bliss on Code Pleadings, secs. 210, 418.)

2. When one is in possession of stock with *prima facie* evidence of title the company is not liable for failure to know that the transfer was not properly made. (Cook on the Law of Stock and Stockholders, chap. 19, sec. 330; Tafft v. Presidio and Ferrie's R. Co., 22 Pacific Rep., 485, 77 Cal.)

3. The estate taken under the provisions of the will quoted was absolute. The following cases are cited in support: Clancey on Rights (1st Am. Ed.), 296; Storey's Eq. Jurisprudence, secs. 1070, 1073, 1074a and 1074b; Kent's Com., vol. 4, 271; Minor's Institutes, vol. 2, 950 and 970, side pages; Redfield on Wills, vol. 1, 277; Attorney General v. Hall, Fitzgibbons' Rep., 314; Robinson v. Dusgate, 2 Vernon, 181, Flanders v. Clark, 3 Atkyns, 509; Hales v. Margerum, 3 Vesey, Jr; 299; Barford v. Street, 16 Vesey, Jr., 135; Maskelyne v. Maskelyne, 2 Ambler's Rep., 216; Parnall v. Parnall, 9 Ch. Div. Law Rep., 96; Breton v. Mockett, 9 Ch. Div. Law Rep., 95; Percy v. Percy, 24 Ch. Div. Law Rep., 616; Perry v. Merritt, 18 Equity Cases, 152; Bland v. Bland, 2 Cox, 249; Goodtitle v. Otway, 2 Wilson, 6; Pushman v. Filliter, 3 Vesey, Jr., 7; Loveacres v. Blight, Cowper's Rep., 352; Ross v. Ross, 1 Jacob & Walker, 154; Bull v. Kingston, 1 Merrivale, 314; Wood v. Cox, 2 Mylne & Craig, 684; Wynne v. Hawkins, 1 Brown's Ch., 174; Pope v. Pope, 1 Simons, 1; Perry v. Daggs, 31 Ch. Div. Law Rep., 130; Henderson v. Cross, 29 Beavan's Rep., 216; Shermer v. Shermer, 1 Washington Rep., 266 (2d Ed., 343); Madden v. Madden's Ex'r, 2 Leigh, 377; Burwell's Ex'r v. Anderson, 3 Leigh, 248; Melson v. Cooper, 4 Leigh, 408; Riddick v. Cohoon, 4 Randolph, 547; May v. Joynes, 20 Grattan, 692; Sprinkle v. Hayworth, 26 Grattan, 400; Missionary Society, &c., v. Calvert, &c., 32 Grattan, 364; Carr, &c., v. Effinger, &c., 78 Virginia, 206; Cole v. Cole, 79 Virginia, 253; Jackson v. Coleman, 2 Johnson, 391; Jackson v. Bull, 10 Johnson, 18; Jackson v. Babcock, 12 Johnson, 388; Jackson, v. Delancey 13 Johnson, 537; Jackson v. Robbins, 15 Johnson, 168; Jackson v. Robbins, 16 Johnson, 582 to 591; Helmer v. Shoemaker, 22 Wendell, 137; Campbell v. Beaumont, 91 N. Y., 464; Patterson v. Ellis, 11 Wendell, 260; Norris v. Boyer, 13 N. Y., 273; Tyson v. Blake, 22 N. Y., 558; Smith v. Van Ostrand, 64 N. Y., 278; Annin, &c., v. Vandoren's Adm'r, 1 McCarter, 135; Dutch

Coats' Ex'r v. Louisville & Nashville Railroad Company.

Church, &c., v. Smock *et al.*, Saxton's Rep , 148; Casper, Ex'r, v. Walker, &c., 6 Stewart, 35; Hoxsey v. Hoxsey, 10 Stewart, 35; Mullany v. Mullany, 3 Green's Ch., 16; McClellan v. Larcher, 18 Stewart, 17; Rodenfels v. Schumann, 18 Stewart, 383; Ide v. Ide, 5 Mass., 500; Harris v. Knapp, 21 Pickering, 416; Burbank v. Whitney, 24 Pickering, 146; Fisk v. Cobb, 6 Gray, 144; Lynde v. Esterbrooke, 7 Allen, 68; Bacon v. Woodward, 12 Gray, 376; Gifford v. Choate, 100 Mass., 343; Hale v. Marsh, 100 Mass., 468; Hess v. Singler, 114 Mass., 56; Gibbons v. Shepard, 125 Mass., 541; Perry v. Cross, 132 Mass., 454; Kelly v. Mains, 135 Mass., 231; Damrell v. Hartt, 137 Mass., 218; McKenzie's Appeal, 41 Conn., 607; White v. White, 52 Conn., 518; Ramsdell v. Ramsdell, 21 Maine, 288; Jones v. Bacon, 68 Maine, 34; Allen v. White, 16 Ala., 181; Flinn v. Davis, 18 Ala., 132; Smith T. v. Bell, Martin & Yerger Rep., 302; David, &c., v. Bridgeman, 2 Yerger, 492 (New Ed., 557); Davis v. Richardson, 10 Yerger, 217 (New Ed., 291); Bean *et al.* v. Myers, 1 Coldwell, 226; Sevier *et al.* v. Brown, 2 Swan, 112; Williams v. Jones, 2 Swan, 620; Thompson *et al.* v. McKissick, 3 Humphrey, 478 (New Ed., 631); Booker *et al.* v. Booker *et al.*, 5 Humphrey, 385 (New Ed., 503); Pillow v. Rye, 1 Swan, 186; Matter of Pennock's Estate, 20 Penn. St., 268; Reformed Church v. Disbrow, 52 Penn. St., 219; Jauretche v. Proctor, 48 Penn. St., 466; Lininger's Appeal, 110 Penn. St., 398; Paisley's Appeal, 52 Penn. St., 158; Cox *et al.* v. Rogers, 77 Penn. St., 160; Myer's Appeal, 48 Penn. St., 26; Seibert v. Wise, 70 Penn. St., 147; Barnard v. Bailey, 2 Haraington, 56; Norris v. Hensley, 27 Cal., 439; Roner v. Meyer, 47 Iowa, 607; Fullenweider v. Watson, 113 Ind., 18; Stowell v. Stowell, 8 Atlanta Rep., 738; Ball, &c., v. Hancock's Adm'r, 82 Ky., 113; Moore v. Webb, 2 B. Monroe, 282; Anderson v. Hall, 80 Ky., 91; McCullough, Adm'r, v. Anderson *et al.*, 11 Ky. Law Rep., 939; Howard v. Carusi, 109 U. S., 725.

Authorities in respect to power and authority of executors to sell, convey, etc., by agents or attorneys; May's Heirs, &c., v. Frazee, 4 Littell, 404; Colston's Heirs v. Chaudet, 4 Bush, 666; Cook on Law of Stock and Stockholders, secs. 329–30; Perry on Trusts, sec. 409; Tafft v. Presidio & Ferrie's Railroad Co., 22 Pacific Rep., 485.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Matthew H. Coats died in July, 1883, in the city of Covington, leaving his widow, Beulah Coats, surviving him. He owned a considerable estate that he disposed of by his last will by the terms of which his widow became the principal devisee. He left no children, and the ex-

tent and character of the estate devised to his wife is the
subject matter of this controversy.

The provisions of the will necessary to be considered
are as follows: *First*—I direct that all my just debts and
funeral expenses be promptly paid. *Second*—I hereby
bequeath to my beloved wife, Beulah W. Coats, all the
remainder of my estate, real and personal, and of every
description, and all I may hereafter acquire to be at the
(her) absolute disposal to sell, convey, transfer or expend
as she may deem proper during her lifetime, without
restraint, she to receive all rents, dividends or interest on
investments or to convert the same into money or other
investments at her discretion, and after her death the
remainder of my estate unexpended by her I devise and
bequeath as follows: *First*—To the payment of the just
debts and funeral expenses of my wife; next, at the sug-
gestion and the concurrence of my wife I bequeath to
the asylum for aged men, located on McMillen Street,
Cincinnati, O., the sum of five hundred dollars. All the
rest and remainder of my estate, and with the full con-
currence of my wife herein, I devise and bequeath as fol-
lows, etc. The testator then proceeds to make specific
devises to various persons who are related by blood,
some to the wife and others to the testator, giving one-
half to his own kindred and the other half to the kindred
of the wife. He then says, in making the above bequests,
" I have recognized the right of my wife to dispose of
one-half of the estate, regarding her as a full partner
with me in property as well as in affection."

The widow was left sole executrix of the will, and
qualified without giving security, such being the request
of the testator, and the estate passed into her hands. At

the date of her qualification she was near eighty years of age, and in a few days after she qualified as executrix she gave to Benjamin E. Hopkins a power of attorney, by which she invested him with the full power to transact all her business as executrix as well as that in her individual right.    He was empowered to sell and dispose of all the notes, bills, bonds, stocks, etc., and to do all acts that she herself could do in the premises.    The power of attorney is as follows : " For me and in my name, place and stead, individually and as executrix as aforesaid, to collect by suit or otherwise, and upon payment to him to receipt for by release under seal, or otherwise, all debts and demands whatsoever due or owing or that may become due or owing to me individually or as executrix as aforesaid, whether such debts and demands shall be upon bills, notes, bonds, stocks, rents, accounts, judgments or claims, or upon any other kind or evidence of indebtedness ; and to receive and receipt for any and all such evidences of indebtedness, or any stock, bonds, deposits, money or personal property or effects of any kind due or to become due or belonging to me individually or as executrix as aforesaid, whether in Kentucky, or in Ohio, or elsewhere, to compromise and settle any and all disputed claims, to vote said stock, to draw and endorse checks and bills of exchange, to endorse promissory notes and to waive demand, notice, and protest of all such papers, to make and execute any and all contracts and leases, to assign, pledge, sell and dispose of notes, bills, stocks and bonds, to deposit money in bank and sign checks therefor, and generally to transact any and all business of mine individually, or as executrix as aforesaid, giving and granting unto my said attorney full power and authority to do

and perform all and every act and thing whatsoever, requisite and necessary to be done in and about the premises, as fully, to all intents and purposes as I might or could do, if personally present, with full power of substitution and revocation; hereby ratifying and confirming all that my said attorney or his substitute shall lawfully do, or cause to be done, by virtue hereof, either for me individually or as executrix as aforesaid. In witness whereof, I have hereunto set my hands and seals this, etc." Signed by the widow.

In the items of the personal property that passed, by the will of the testator, were one hundred shares of the capital stock of the appellee. This stock Hopkins obtained the possession of, and having sold it, the stock was transferred to the purchaser on the books of the corporation and the old certificates taken up. The widow having died, Hopkins and the appellant, William G. Allen, qualified as executors of the will of the testator, and shortly after, Hopkins, becoming insolvent, was removed by the Kenton County Court, and Allen, the appellant, left the sole executor. The present petition was then filed by Allen as executor against the appellee, in which it is alleged that the attorney in fact, Benjamin E. Hopkins, without the knowledge or consent of the widow, Beulah W. Coats, obtained possession of three certificates of stock and sold the same during her lifetime; that he presented the certificates, accompanied by the power of attorney referred to, at the office of the appellee and signed the printed indorsement on the back of the certificate as follows: "Matthew H. Coats, deceased, by Beulah W. Coats, executrix, by Benjamin E. Hopkins, attorney in fact, per W. H. Coon, attorney." That Hopkins

requested the certificates to be canceled and new certificates issued in the name of the parties who had made the purchase. That the appellee permitted the transfer, canceled the old and issued new certificates as Hopkins requested, and thereby enabled him to make the sale and appropriate the proceeds to his own use, which he did, and the entire amount was lost to the widow and the estate of the testator. It is charged that in this manner the appellee enabled Hopkins to defraud the estate, and, therefore, he asks that the appellee be compelled to restore the stock or account for its value, and the dividends declared since the date of the transfer. There is no allegation of fraud on the part of the appellee or that the company or any of its officers knew of any purpose on the part of Hopkins to defraud the widow or the estate of her husband, *the testator.* There was a demurrer filed to the petition by the appellee and the demurrer sustained and the petition dismissed.

It is insisted by counsel for the appellant that the widow of the testator held only an estate for life in the property devised, with the discretionary power of disposal, and that the exercise of this·discretion could not be given to another, and, therefore, the sale and transfer of the stock by the attorney in fact was void, and if not, all the estate that could pass by it was the life interest of the widow. That the appellee is chargeable with notice of the extent of the power conferred on the widow, and, in addition, it is said no legal transfer of the stock was, in fact, made by the agent or attorney. On the other hand it is maintained by counsel for the appellee that the devise to the widow with the unlimited power of disposition during her lifetime, carries with it a fee, and the

remainder over is void because the tenant in fee has the whole estate, and if such is not the proper construction, then as the power to sell was without restraint and for the benefit of the life tenant, her right to appoint an attorney with the power to sell, if he saw proper, can not be questioned. The rule that a remainder can not be limited on an estate in fee will not be controverted, but the question is, does this rule apply to the will that is before us for construction? It must be conceded that authorities entitled to great weight have been referred to conducing to sustain the contention of appellee's counsel that the devise in this case to the widow passed the fee. The opinion of Chancellor Kent in the case of Jackson v. Robins, reported in 16 Johns., 571, held that the devise passed the fee and the remainder over void upon this provision of a will, where the testator devised " all his real and personal estate whatsoever unto his wife, Sarah, to hold the same to her, her executors, administrators and assigns, and in case of her death without giving * * by will, or otherwise selling or assigning the estate, then to his daughter D." That case, it seems to us, should not control in its application the decision of the case being considered. There is no attempt there to create a life estate, or language used that would authorize the inference that such was the intention of the testator. There was no power conferred that upon the failure to exercise it the estate at the death of the first taker passed to another, as in this case. It is true the absolute power to sell and transfer is given the widow during her lifetime, and while more apt language might have been used in creating the life estate and removed all necessity for construction, still such was the evident purpose of

the testator.   In other words, if the testator had said " I
devise this estate to my wife for her life with the abso-
lute and unrestrained power to sell and dispose of it if
she sees proper, and what remains at her death unex-
pended by her I devise to A," the same meaning and
intention on the part of the testator would be expressed
as in the provision of the will before us.

His wife must have been the principal object of his
bounty, and it was his intention to vest in her the power
to sell any part of the estate devised during her life.   He
had consulted her in regard to his will, and, recognizing
her right to one-half of the estate, that the labor of each
had no doubt contributed to acquire, he devised the estate
left unexpended by her in equal portions between their
relatives, giving one-half to his wife's kindred.   It was
not his purpose, however, in creating the remainder to
restrain his wife in her right to use the estate during her
life in any manner she saw proper, but gave her the
*express power* to sell, convey, transfer or expend it during
her lifetime without restraint if she desired to do so, and
of the rents, dividends and interest on investments she
could invest at her discretion, and after her death the
remainder *unexpended* he devised to their kindred.

She was accountable to no one if she sold the estate
and applied the proceeds as she saw proper.   The exer-
cise of the power was for her benefit alone, and not of
those in remainder.   They could not have prohibited its
exercise by her unless her mind had become so impaired
as to prevent her from contracting and disposing of such
an estate.   The entire property was devised to her that
she might use and dispose of it as she saw proper during
her lifetime.   The words *as she saw proper* and *without*

*restraint* show a manifest purpose on the part of the testator that this right of disposal on the part of the wife should be unlimited, and upon her failure to exercise the power depended the rights of those in remainder. In Anderson v. Hall's Adm'r, reported in 80th Ky., 91, a case similar in many of its features to this case, it was held that the testator intended to create a less estate in his wife than a fee-simple. In that case the devise was, "I give to my wife all my property, real and personal, giving her the right to sell and re-invest as she may desire any part of the same for her own separate use and benefit, and at her death the estate undisposed of to go to my three daughters." This court, in considering the entire will, said that to hold the devise as passing the fee would be to defeat the plain intention of the testator.

In the case of McCullough's Adm'r v. Anderson, reported in 90 Ky., 126, the devise was, "'To my most precious and well-beloved wife I give, during her life, all my estate, real and personal, whether in possession or action, with full power and ample authority to dispose of the whole of it as she pleases. At her death, should she not have previously made a testamentary distribution of all remaining undisposed of by her, I desire that such remainder shall be distributed as herein directed." In a controversy between the devisees of the testator and the heirs of his widow as to the right of property in that part of the estate left by the widow, it was held that the devisees were entitled and not the heirs of the wife; that the wife took a life estate with the power to convert it into a fee that she failed to exercise.

In the present case the devisor wished his wife to appropriate all of the estate she desired by sale or otherwise.

This she was empowered to do *during her life*, and is virtually a devise similar to that in McCullough's Adm'r v. Anderson.    The testator evidently attached some importance to the words *during her lifetime*; if not, the language is mere surplusage, and to arrive at its true meaning we have only to read the entire will to ascertain the intention of the testator.   He appointed, at the death of the wife, other executors to distribute the property that was left to those in remainder, and it is immaterial, in arriving at the meaning of the testator, whether the gift was for the life of the wife with the power of alienation, or to the wife with the power to dispose of the estate during her life.    A fair construction of the will in question will not authorize the legal conclusion that the testator gave the absolute estate in the first place to his wife, and by a subsequent provision took it from her for those in remainder; nor should any court hold, when the meaning of the language used is at least doubtful, that one provision of a will is repugnant to or inconsistent with another provision, when in so doing it necessarily defeats the plain intention of the testator.    In determining this to be a life estate in the wife both devises are made consistent and the intention of the testator effectuated.

It is said by the appellant's counsel that the power of disposition by Beulah Coats, the widow, was discretionary, and in transferring or conveying the estate entrusted to her she could not lawfully delegate the exercise of this discretion to Hopkins.    There was, in one sense, a trust by reason of this provision of the will, for so long as she held the property undisposed of it was for the benefit of those in remainder at her death, but when selling the *corpus* of the estate she was executing the power for her

own benefit. If she had plenary power to sell and transfer this estate or any part of it not for those in remainder, but for her own benefit, and did so either in person or delegated that power to an agent when he might deem it necessary to sell, we can not perceive in what manner any trust or confidence reposed in her by the testator has been abused. The sale of the property affected those in remainder by depriving them of any interest in it, and the right to do so was expressly given by the will. The power to sell an estate for the benefit of another or those in remainder would be in the nature of a trust, but the unlimited power to sell for one's own benefit, and that power to be unrestrained, can not well create a trust as to anyone else, and with such plenary power the widow had the same right to delegate this power to another to sell for her when he saw proper, that she would have had in giving the power if there had been no remainder. The power to sell in this case was absolute, and to sell for herself and not for any one else. The time of selling, the place of selling and the mode of selling could be determined by an agent authorized to sell at a time and place and upon such terms as he saw proper for the reason that this estate was, by the provisions of her husband's will, *at her absolute disposal to sell, convey, transfer or expend as she may deem proper during her lifetime, without restraint,* etc. The purpose of the husband was to give to the wife the same power that he could have exercised with reference to this estate during his life, with the exception of the right to devise it. She was, at the date of the will, near eighty years of age, and must, of necessity, have required an agent to dispose of and control the estate. He believed, no doubt, that the devisees would not be

molested in the property they then held possession of, to which he had title, nor does it appear that his confidence has been misplaced.   It is true the will provides that she is to receive all rents, dividends, or interest on investments, or to convert the same into money or other investments *at her discretion*, but this does not affect the question of her right to alienate and transfer the estate, for in this she was unrestrained, and no broader power could have been conferred.   It is manifest that the power of attorney executed to Hopkins authorized him to make this sale and transfer of the railroad stock, and it is admitted that he did make the sale, receive the proceeds and that the certificates in the name of the testator were surrendered to the corporation.   There is no fraud alleged on the part of the appellée nor any averment that it knew of the manner in which this stock was obtained from Beulah Coats.   Hopkins held the power of attorney and the stock in his possession when it was sold and transferred.   The evidence of his right to sell was in the power of attorney, and of the right of the widow to give it on the face of the husband's will, and we perceive no reason, therefore, for making the appellee liable for this stock.   Whether the mode of transfer was or nor defective is immaterial.   That it was sold and transferred by Hopkins, under this power from the widow, is conceded, and if there was fraud in obtaining it by Hopkins or in obtaining the stock the appellee was no party to it.

Judgment affirmed.