## Slayden v. Hardin et al.

(Decided Feb. 8, 1935.)

CHARLES FERGUSON for appellant.

J. R. WELLS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

From a judgment that Edna Spell took a fee-simple title under the will before us, Guy Slayen has appealed.

J. W. Spell died in August, 1928, and on September 3, 1928, a paper was probated as his will which we shall copy and shall italicize a portion thereof:

"Burna, Ky., April 9, 1928

"County of Livingston, State of Kentucky.

"I, John Spell, being in my right mind and of my own free will herewith, will and bequeath all my real estate and personal property to my wife, Edna Spell, so long as she lives, *giving her the right to sell, lease or dispose of my real estate in any way she chooses, also sell and dispose of my personal property any way she chooses. I want her to exercise her best judgment in disposing of my property.* At my wife's death, Edna Spell, I want what of my property, real and personal, is left, equally divided between my nephews, Robert Baxter and Guy Slayden. I want my wife, Edna Spell, to administer over my estate without bond.

"J. W. Spell

"R. C. Carlton    }
"T. H. Dickerson  }  Witnesses"

A careful examination of this will shows there are four main divisions of it.

By the first the testator gives his wife a life estate in all his property.

By the second division (the part italicized) the testator gives his wife the power to sell and dispose of his property any way she chooses.

By the third division the testator creates an estate in remainder, as to any property that may be left when his wife dies, and this the testator gives to his nephews, Robert Baxter and Guy Slayden.

By the fourth division the testator nominates his wife as his executrix.

If we eliminate from this will the part italicized, the intention of the testator is unmistakable, so it is apparent it is the italicized portion that has caused all this trouble.

This portion of this will is simply a power. The testator gave his wife a power she never exercised so far as the testator's land is concerned, though she did exercise the power as to his personal property which she has consumed and only the land (159 acres) remains.

When the last breath went out of Mrs. Spell without her having exercised this power, it came to an end, and the situation now would not be different if these italicized words were stricken out of this will.

This power no one could exercise but Edna Spell, and after her death it has no more effect upon the title to this land than the hieroglyphics in an Egyptian tomb. See McGaughey's Adm'r v. Henry, 54 Ky. (15 B. Mon.) 383. That is the general rule. See 49 C. J. p. 1257, sec. 29, 49 C. J. p. 1308, sec. 160, and 69 C. J. p. 853, sec. 1966. Upon the death of Mrs. Spell, Robert Baxter and Guy Slayden became the absolute owners of this property under their uncle's will.

In the acquisition of a fee-simple title to land, one gets an estate unlimited as to duration, disposition, and descendibility. It must be an estate that may last forever; it must have no termination. It must be one the recipient may dispose of as he chooses by will, deed, or otherwise. It must be descendible, not to some of

his heirs, but to any and all heirs the recipient may happen to have. Mrs. Spell had no such estate in this land. McCullough's Adm'r v. Anderson, 90 Ky. 126, 13 S. W. 353, 11 Ky. Law Rep. 939, 7 L. R. A. 836; Coats' Ex'r v. L. & N. R. Co., 92 Ky. 263, 17 S. W. 564; Snively's Trustee v. Snively, 162 Ky. 461, 172 S. W. 911; Sutton v. Johnson (Ky.) 127 S. W. 747; Hicks v. Connor et al., 210 Ky. 773, 276 S. W. 844; Evans v. Leer et al., 232 Ky. 358, 23 S. W. (2d) 553. See Vol. 19 Kentucky Digest, Wills 616 (4), 616 (7). This is the general rule. See 69 C. J. p. 561, sec. 1635.

Mrs. Spell lived with and was nursed and cared for by Mr. and Mrs. Hardin, who have rendered a bill therefor that perhaps ought to be paid; but there is no way to subject this land to its payment.

Judgment reversed, with direction to enter one awarding this land to Robert Baxter and Guy Slayden.