## Diederich et al. v. Dempsey.

May 23, 1944.

324

S. S. Willis and Chesley A. Lycan for appellants.

Wheeler & Wheeler for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

Between May 31 and September 10, 1930, L. A. Dempsey, husband of appellee, Mary J. Dempsey, obtained twenty gas and oil leases in Martin county. The leases were taken in the name of John T. Diederich, trustee, with the understanding that Mary J. Dempsey and John T. Diederich each owned a one-half interest. In order to procure development of the leases a one-half undivided interest therein was assigned to W. H. McClung and H. H. Baker, both residents of West Virginia, by an instrument acknowledged on Sept. 16, 1930, by John T. Diederich, trustee, John T. Diederich, and Mary J.

Dempsey. The instrument also was signed and acknowledged by McClung and Baker who agreed, as part of the consideration of the assignment, to carry Mary J. Dempsey to the extent of 1-32 of all the production of oil and gas from any of the oil and gas leases thereinafter described after the payment of the royalties on any particular lease to the landowner. It was provided in the instrument that John T. Diederich should bear one-half the expenses of developing and operating the leases and W. H. McClung and H. H. Baker should bear the remaining one-half of the expenses. Following the descriptions of the twenty leases was this provision:

"It is further agreed between Mary J. Dempsey and John T. Diederich, Trustee, that any oil and gas leases, or interest in oil and gas leases that may be hereafter secured by Mary J. Dempsey, or John T. Diederich, or W. H. McClung, or H. H. Baker, in Martin County, shall be assigned, sold and delivered in accordance with the terms of this contract."

Producing wells were drilled on four of the leases mentioned in the assignment to McClung and Baker, and Mary J. Dempsey received her share of the production.

On January 15, 1937, Amey Pauley and Ambrose Pauley executed to John T. Diederich an oil and gas lease on 102 acres of land in Martin county. Producing wells were drilled on this land, and on January 23, 1940, Mary J. Dempsey brought this action against John T. Diederich, John T. Diederich, trustee, W. H. McClung, and H. H. Baker asking to be adjudged a 1-32 part of the production of oil and gas from the Pauley lease and for an accounting. She based her claim to an interest in the Pauley lease upon the assignment of September 16, 1930. John T. Diederich moved to quash the summons served on him in Boyd county, and in support of his motion filed an affidavit that W. H. McClung, named a defendant in the petition, died in Huntington, West Virginia, in September, 1934, and that the defendant H. H. Baker was a resident of the state of West Virginia. The motion was overruled and an answer in three paragraphs was filed by Diederich. The first paragraph was a traverse. In paragraph 2 it was alleged that H. H. Baker and W. H. McClung assigned their interest in the written assignment of September 16, 1930, to a corporation organized by the plaintiff, Mary J. Dempsey, and the defendant, John T. Diederich, known as the D. B. & M.

Oil & Gas Company, and that the corporation succeeded to the ownership of the leases with the assent of the plaintiff; that W. H. McClung died in September, 1934, and H. H. Baker had withdrawn from the arrangment. It was further alleged that the death of W. H. McClung terminated the agreement contained in the assignment of September 16, 1930, relied upon by the plaintiff, and also that the organization of the corporation and transfer to it of the leases mentioned in the assignment superseded the assignment and terminated it. It was also alleged that by the terms of the assignment one-half of the cost of the development and the entire 1-32 interest due the plaintiff after the payment of royalty was to be borne by McClung and Baker, and after the death of McClung and the retirement of Baker from the enterprise there was no further means available for applying the terms of the contract to the parties thereto or of executing the same, and performance thereof became impossible. A motion to strike paragraph 2 of the answer was sustained, and the defendant, Diederich, excepted. Paragraph 3 was a counterclaim in which the defendant, John T. Diederich, alleged that he became indorser for the plaintiff, Mary J. Dempsey, on a promissory note for $500, discounted by her and payable to the Third National Bank at Ashland, Kentucky. The note was dated October 1, 1930, and in order to indemnify the indorser against loss Mary J. Dempsey and her husband, L. A. Dempsey, executed a mortgage to Diederich on her interest in the leases described in the assignment of September 16, 1930. It was alleged that the note was not paid at maturity but was renewed from time to time, and that Diederich paid the interest thereon at the rate of $30 per year until September 28, 1940, when he paid the note. In a reply the plaintiff alleged that Diederich assumed the payment of the note shortly after it was executed in consideration of certain commissions owing by him to L. A. Dempsey. A rejoinder filed October 6, 1941, completed the issues. Depositions were taken by the plaintiff on May 7, 1942. The defendant failed to introduce any proof, and on May 19, 1943, the case was submitted on motion of the plaintiff. The court adjudged that the plaintiff was the owner of a 1-32 interest in the lease executed by Amey Pauley and her husband, and referred the case to the master commissioner for an accounting. The defendant's counterclaim on the note for $500 was dismissed.

L. A. Dempsey testified in detail concerning the transaction by which it is claimed the appellant, John T. Diederich, assumed payment of the $500 note. His testimony stands undenied. Appellant insists, however, that if the facts were as stated by the witness the agreement was illegal and appellant's promise was without consideration. According to the testimony of Dempsey, appellant agreed to pay the note and later did pay it in consideration of services rendered to him by Dempsey. The agreement was fully executed. The general rule is that neither party to an illegal agreement that has been executed on both sides will be aided in recovering what he has parted with under the agreement. Blankenship v. Green, 283 Ky. 700, 143 S. W. 2d 294; American National Bank v. Madison, 144 Ky. 152, 137 S. W. 1076, 38 L. R. A., N. S., 597; Chapman v. Haley, 117 Ky. 1004, 80 S. W. 190, 4 Ann. Cas. 712.

The judgment dismissing appellant's counterclaim is affirmed.

That part of the judgment awarding to the appellee a 1-32 interest in the Pauley lease presents a more difficult question. In drafting the paragraph of the assignment of September 16, 1930, invoked by appellee, which provided that any oil or gas lease thereafter secured in Martin county by Mary J. Dempsey, John T. Diederich, W. H. McClung, or H. H. Baker should be assigned in accordance with the terms of that contract, the parties clearly contemplated the continuance of the relationship created by the contract. Whether the arrangement created by the contract was a partnership or a joint adventure, the death or withdrawal of one of the parties terminated the executory part of the agreement. The burden of paying Mrs. Dempsey's part of the expenses of development and paying to her 1-32 of the production of the leases was assumed by McClung and Baker. Upon the death of either the cost of further developments could not be cast upon his estate. Pawley v. Glasscock, 236 Ky. 821, 34 S. W. 2d 729; Conant's Adm'r. v. Mason, 212 Ky. 692, 279 S. W. 1098. In paragraph 2 of the answer it was alleged that W. H. McClung died prior to the date of the Pauley lease, and that H. H. Baker had withdrawn from the arrangement. This averment, standing alone, constituted a good defense, but it was alleged in another part of paragraph 2 of the answer that W. H. McClung and H. H. Baker had as-

signed all of their interests under the contract of September 16, 1930, to a corporation organized by Mary J. Dempsey and John T. Diederich known as the D. B. & M. Oil & Gas Company, and that the organization of this corporation and the transfer to it of the leases superseded the assignment of September 16, 1930, and terminated it. The court struck paragraph 2 of the answer on the ground that the facts stated therein were irrelevant. Paragraph 2 of the answer may not have been as definite and certain as good pleading requires, but the facts alleged were relevant. If McClung and Baker reassigned their interests to Diederich and Mrs. Dempsey, the contract of September 16, 1930, was terminated. The effect of an assignment of their interests to a corporation wholly owned by Diederich and Mrs. Dempsey would depend upon the terms and nature of the assignment. In any event the court erred in striking paragraph 2 of the answer. If its averments were not sufficiently definite and certain, the appropriate motion would have been one to make the pleading more specific.

All questions not discussed herein are expressly reserved. The judgment is reversed, with directions to overrule the motion to strike paragraph 2 of the answer.