# Dempsey v. Diederich et al.

June 20, 1950.

James W. Turner, Judge.

Wheeler & Wheeler for appellant.

LeWright Browning and Chesley A. Lycan for appellee.

JUDGE CAMMACK—Affirming.

The first appeal of this case is reported in Diederich v. Dempsey, 298 Ky. 323, 182 S.W.2d 393. In that case the judgment was reversed, with directions to overrule the motion to strike paragraph 2 of the answer filed by Mr. John T. Diederich to the petition of Mrs. Mary J. Dempsey. All questions not discussed in the opinion were expressly reserved. One of those questions was, whether a contract entered into in 1930 between Mrs. Dempsey and Mr. Diederich and W. H. McClung and H. H. Baker, concerning certain oil leases owned by Mrs. Dempsey and Mr. Diederich which were to be developed by McClung and Baker, was a nullity because Mrs. Dempsey's husband did not join in the contract? Since the facts and circumstances involved in the controversy are fully discussed in the first opin-

ion, it would serve no useful purpose to recite them here.

In 1930 K. S. secs. 506, 2128 and 2129 were in effect. They follow:

"506. The conveyance may be by the joint deed of husband and wife, or by separate instrument; but in the latter case the husband must first convey, or have theretofore conveyed. The deed as to both husband and wife may be acknowledged or proven and recorded as heretofore, or by this act, provided.

"2128. A married woman may take, acquire and hold property, real and personal, by gift, devise or descent, or by purchase, and she may, in her own name, as if she were unmarried, sell and dispose of her personal property. She may make contracts and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract; but she shall have the power and right to rent out her real estate, and collect, receive and recover in her own name the rents thereof, and make contracts for the improvement thereof. A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing, and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded; but the recording of any such writing shall not make valid any such gift, transfer or assignment which is fraudulent or voidable as to creditors or purchasers.

"2129. Husband and wife may sell and convey her lands and chattels real, but the conveyance must be acknowledged and recorded in the manner required by the chapter on conveyances."

An oil and gas lease is an interest in real estate. Commonwealth v. Elkhorn-Piney Coal Mining Company, 241 Ky. 245, 43 S.W.2d 684. This interest, however, is an estate less than a freehold or a fee-simple interest. Van Camp v. Evans, 306 Ky. 59, 206 S.W.2d 38, 173 A.L.R. 1256. Such an interest is generally termed a chattel real. 42 Am.Jur., Property, section 25. Mineral leases are classed as chattels real in many jurisdictions. Vol. 6, Words and Phrases, Perm.Ed.,

Chattel Real, page 713. It is clear from the statutes heretofore quoted that any deed or executory contract, made by a married woman in 1930 concerning her land, should have been joined in by her husband. Chattels real were expressly included in K.S. sec. 2129.

It follows that Mrs. Dempsey's contract concerning her oil and gas leases was a nullity because her husband did not join therein. Since the contract was not binding on Mrs. Dempsey, it could not be enforced by her. Brown v. Allen, 204 Ky. 76, 263 S.W. 717.

It is obvious from what has been said that it is unnecessary to discuss other questions raised by the parties.

Judgment affirmed.