Calvin BUEHRER et al., Appellants,

v.

Frank GATES, Appellee.

Court of Appeals of Kentucky.

Feb. 17, 1967.

M. J. See, C. F. See, III, Louisa, for appellants.

Dan D. Ball, Louisa, for appellee.

PALMORE, Judge.

On June 23, 1961, the appellant Calvin Buehrer, as agent for a partnership called Buehrer Oil and Gas Development, executed and delivered to the appellee, Frank Gates, a check drawn on the Bank of Blaine, Blaine, Kentucky, for the sum of

$2710. It was returned by the bank marked "insufficient funds." Gates brought this suit on the check against Calvin Buehrer and the members of the partnership. They pleaded lack of consideration. Following a trial on depositions, in which the defendants did not proffer any evidence, judgment went in favor of the plaintiff and the defendants appeal.

The check was made a part of the complaint as an exhibit. It recites that it was given for "payment of 1010 acres in full." Under an old rule that if a complaint on a negotiable instrument unnecessarily alleges a particular consideration the plaintiff has the burden of proving it, cf. Cassada v. Warren's Estate, Ky., 330 S.W.2d 732, 733 (1960), and cases therein cited, appellants claim this recitation on the face of the exhibit constituted an allegation of the specific consideration and placed the burden of proof on the appellee. They contend further that a good and legally sufficient consideration for the check was not proved.

■ Deferring for the moment a discussion of the proof, we observe that the Uniform Commercial Code "eliminates the presumption of consideration embraced in the NIL and replaces it by the provision placing upon the defendant the burden of establishing any and all defenses as against a holder who produces an instrument and establishes the signatures." 12 Am.Jur.2d 211 (Bills and Notes, § 1187); KRS 355.3–307. The UCC became effective in this state on July 1, 1960, and applies to the instrument in controversy. Hence the burden of establishing the defense of no consideration lay on the defendant appellants.

■ This technically is not dispositive, however, because the evidence was amply sufficient to prove consideration.

Frank Gates (the appellee) and James W. Wiler were employes of Ashland Oil and Refining Company, which had a policy against its employes' engaging in the business of speculating in oil leases. They acquired seven leases, covering 1010 acres, in the names of their wives, Jo Ann Gates and Norma Wiler. Buehrer agreed to buy the leases for $3.50 per acre, totalling $3,535, subject to reservation of a 1/64 override by the assignors. Pending title examination Buehrer gave Gates two checks, one for $200 and the other for $800. According to Gates, the $200 check was for expenses of the title examination and the $800 check was a down payment. Charges for the title examination actually came to $175, so when the deal was closed on June 23, 1961, the balance due was $2,710, the amount of the check now in controversy.

The check and the assignment were exchanged simultaneously. The assignment had been executed by Jo Ann Gates and Norma Wiler, but not their husbands. The check was drawn solely in favor of Frank Gates, but with the acquiescence and approval of Wiler, who was present. Two or three days later Buehrer handed the assignment back to Gates and requested him to interline a slight change specifying that the 1/64 override was to come out of the 7/8 working interest. Gates complied with the request and had his wife, Jo Ann, place her initials on the margin of the instrument opposite the interlineation. When he sought to return the assignment to Buehrer he was unable to find him. It appears that Buehrer had departed this state for the time being. Meanwhile, the check had been twice presented and rejected for insufficient funds and the bank also had received a stop payment order. The assignment was never returned to Buehrer or the partnership and was never recorded.

Appellants submit three theories in support of their contention that there was in fact no consideration for the check: (1) Gates was not a party to the assignment; (2) the assignment was delivered back and not redelivered; and (3) the assignment "was not a bona fide fulfillment of any agreement of appellee to sell 1,010 acres of leases."

That Gates was not the nominal owner of the leases and did not become a party to the

assignment is utterly immaterial. The check was given in payment for leases covering 1,010 acres. Gates procured and Buehrer accepted a valid transfer and delivery of the leases. Thus Gates gave and Buehrer received the agreed consideration. The cited case of Moore v. Kuster, 238 Ky. 292, 37 S.W.2d 863 (1931), holding that a promise to do something the promisor already is bound to do under another contract does not constitute consideration, has no relevance to this case.

That the husbands did not join in the assignments likewise is immaterial. Dempsey v. Diederich, 313 Ky. 865, 233 S. W.2d 976 (1950), holding invalid a married woman's assignment of an oil and gas lease, involved a 1930 transaction and is not applicable to transfers made subsequent to the 1942 amendment of the statutes therein mentioned. Under KRS 404.030(1) a married woman may singly transfer land and chattels real without her husband's signature, subject only to his inchoate curtesy interest. Though an oil and gas leasehold is a chattel real, Dempsey v. Diederich, supra, since it is less than a fee simple it is not subject to inchoate dower and curtesy. KRS 392.020; Van Camp v. Evans, 306 Ky. 59, 206 S.W.2d 38, 173 A.L.R. 1256 (1947).

Redelivery of the assignment by Buehrer to Gates for the purpose of having the slight modification interlined did not have the effect of nullifying the transaction, which had been completed two or three days theretofore. Title to the leasehold interests passed with delivery of the executed assignment on June 23, 1961, and whatever may have been Buehrer's intention when he later gave the instrument to Gates, surely it would not be contended that he could accomplish a reassignment by simply handing the same paper back.

The third contention, that the assignment was not a bona fide fulfillment of any agreement by Gates, is somewhat difficult to understand. It seems to us that it does not make any difference whether the assignment was made pursuant to a pre-existing agreement or an on-the-spot bargain and sale. The goods were delivered and payment was made. If the point appellants seek to make is that there was a failure of consideration, there is nothing in the evidence to prove it. In Clark v. Cooper, 197 Ky. 530, 247 S.W. 929 (1923), leases covering a substantial part of the acreage embraced in an assignment had been forfeited by reason of the assignors' failure to pay delay rentals, and the court said this was such a failure of consideration as to make it optional with the assignees to rescind. That, however, is not this case. In the first place, appellants have never sought or purported to rescind. Secondly, though six of the seven leases assigned contained short-term drilling commitments, they were all valid and in force, and there is no suggestion that Buehrer was not aware of their terms.

The judgment is affirmed.

All concur.